**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| OCIUS TECHNOLOGY LTD,<br>SOLAR SAILOR PTY LTD, and<br>SOLAR SAILOR ENGINEERING AND<br>DISTRIBUTION PTY LTD,<br><br>       Plaintiffs,<br><br>  v.<br><br>OCEAN AERO, INC.,<br><br>       Defendant. | C.A. No. _____<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Ocius Technology Ltd. ("Ocius"), Solar Sailor Pty Ltd ("Solar Sailor"), and Solar Sailor Engineering and Distribution Pty Ltd ("SSED") (collectively "Plaintiffs") bring this Complaint for patent infringement against Defendant Ocean Aero, Inc. ("Defendant" or "Ocean Aero") and allege as follows:

### NATURE OF THE ACTION

1.      This is a civil action arising out of Defendant's infringement of United States Patents Nos. 9,937,987 ("the '987 Patent"), D869,371 ("the '371 Patent"), and 10,526,048 ("the '048 Patent") (collectively, "the Asserted Patents") in violation of the Patent Laws of the United States, 35 U.S.C. § 1 et seq.

### PARTIES

2.      Ocius is a foreign corporation organized and existing under the laws of Australia, having a principal place of business at Building 6, Sydney Corporate Park, 190 Bourke Road, Alexandria NSW 2015, Australia.

3.      Solar Sailor is a foreign corporation organized and existing under the laws of Australia, having a principal place of business at Building 6, Sydney Corporate Park, 190 Bourke Road, Alexandria NSW 2015, Australia.

4.      SSED is a foreign corporation organized and existing under the laws of Australia, having a principal place of business at Building 6, Sydney Corporate Park, 190 Bourke Road, Alexandria NSW 2015, Australia.

5.      On information and belief, Ocean Aero is a corporation organized and existing under the laws of Delaware, having a principal place of business at 53 East Pier Rd. Gulfport, Mississippi.

## JURISDICTION AND VENUE

6.      This action arises under the patent laws of the United States, Title 35 of the United States Code.

7.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8.      This Court has personal jurisdiction over Ocean Aero because Ocean Aero is a resident in this District as it is incorporated in this District.

9.      Venue as to Ocean Aero is proper in this Court under 28 U.S.C. § 1400(b) because, among other reasons, Ocean Aero is incorporated in Delaware, and thus it resides in this District.

## FACTUAL BACKGROUND

### The Asserted Patents

10.     On April 10, 2018, the '987 Patent, titled "Rigid wing sail," was duly and legally issued by the United States Patent Office ("USPTO") to inventors Robert Dane, Ninan Mathew,

and Ian McBride.  A true and correct copy of the '987 Patent is attached to this complaint as Exhibit A.

11.     On December 10, 2019, the '371 Patent, titled "Sailing Vessel," was duly and legally issued by the USPTO to inventor Robert Dane.  A true and correct copy of the '371 Patent is attached to this complaint as Exhibit B.

12.     On January 7, 2020, the '048 Patent, titled "Mast base assembly," was duly and legally issued by the USPTO to inventors Robert Dane and Graeme Johnston.  A true and correct copy of the '048 Patent is attached to this complaint as Exhibit C.

13.     Solar Sailor, as assignee, owns the entire right, title, and interest in the '987 Patent, the '371 Patent, and '048 Patent.  SSED manufactures and sells products protected by these patents.

14.     Ocius is the parent company of Solar Sailor and SSED.  Ocius has over 20 years of experience developing, manufacturing, and commercializing patented marine technology.

**Ocean Aero's Infringing Product**

15.     Ocean Aero is the manufacturer of the TRITON, an Autonomous Underwater and Surface Vehicle (AUSV).

16.     On information and belief, Ocean Aero has recently launched the Next Gen Triton AUSV ("TRITON Next Gen").[1]

17.     By way of example and not limitation, a claim chart mapping the TRITON Next Gen to the elements of claim 1 of the '987 Patent is attached as Exhibit D.

18.     By way of example and not limitation, a claim chart mapping the TRITON Next Gen to the '371 Patent is attached as Exhibit E.

---

[1] A video of the TRITON Next Gen can be seen at Ocean Aero, Inc.'s YouTube channel here: https://www.youtube.com/watch?v=uqoG1elOSzM.

19.     By way of example and not limitation, a claim chart mapping the TRITON Next Gen to the '048 Patent is attached as Exhibit F.

**Ocean Aero's Willful Infringement**

20.     Ocean Aero has been aware of Plaintiffs and their patent protection for years.

21.     Specifically, on information and belief, Ocean Aero has been aware of each Asserted Patent since at least the date each respective patent was issued by the United States Patent Office.  Various facts contributing to this knowledge and awareness are as follows.

22.     In 2013, representatives from both Solar Sailor and Ocean Aero had discussions about their respective technologies, including Solar Sailor's existing patent portfolio.

23.     Ocean Aero also cited Solar Sailor's patents and/or patent publications during the prosecution of its own patents, further demonstrating its knowledge of Solar Sailor's patent portfolio.

24.     In 2022, both Plaintiffs and Ocean Aero participated in "Digital Horizon," a three-week uncrewed war games exercise run by the United States Navy in Bahrain.  Ocius was contracted by a U.S. company to provide its unmanned surface vessel, the Bluebottle, for the exercise.  Ocean Aero and Plaintiffs had numerous interactions with each other during the exercise where the complementary nature of their respective platforms was discussed (i.e., Ocean Aero's platform focused on subsurface while Plaintiffs' platform focused on surface).

25.     Then, in 2025, at the Navy League's Sea Air Space maritime exposition, Plaintiffs' display of the Bluebottle was displayed close to Ocean Aero's display.  Representatives from Ocean Aero came over to Plaintiffs' display to inspect the Bluebottle.

26.     Prior to the recent launch of Ocean Aero's TRITON Next GEN, the parties' respective products looked as follows:

4

| OCIUS BLUEBOTTLE | OCEAN AERO TRITON ORIGINAL |
|---|---|
|  | |

At this point, the two products were designed to be used for different purposes—the Ocean Aero product was designed primarily for submersible missions, while the Bluebottle was designed to be fast, strong, and stable on the surface of the water with a specially designed center-mast sail that folds down for zero windage and tactical range advantage. Indeed, the original TRITON was quite different from the Bluebottle. The original TRITON had a wing shaped sail, with a mast that was 20-30% back from the leading edge. This wing sail folded down horizontally with a large portion of the sail still jutting into the air (as seen below):



27.     Ocean Aero's new TRITON Next Gen features a modified the design, as shown below, demonstrating that Ocean Aero has willfully and deliberately copied the patented Ocius ornamental design, which is protected by the '371 Patent.  In particular, the TRITON Next Gen's redesigned sail has a crescent shape to fit the deck in the lowered position, with a midline mast and solar panels on both sides, just like the Ocius Bluebottle.



| OCIUS BLUEBOTTLE | OCEAN AERO TRITON NEXT GEN |
|---|---|
| | |
| | |

Further, on information and belief, Ocean Aero has willfully and deliberately copied certain aspects of the Bluebottle functional design, as explained in detail in the attached '987 Patent and '048 Patent claim charts (Exhibits D and F respectively).

28.     As described above, Ocean Aero's infringement of the Asserted Patents has been knowing, deliberate, and willful.  During the development of the TRITON Next Gen, Ocean Aero knew that its conduct constituted and resulted in infringement.  Despite that knowledge, Ocean Aero has nonetheless committed—and continues to commit—acts of direct and indirect

6

infringement despite knowing that its actions constituted infringement. Ocean Aero's conduct in light of these circumstances is egregious. Ocean Aero's knowing, deliberate, and willful infringement of the Asserted Patents entitles Plaintiffs to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### COUNT I: INFRINGEMENT OF THE '987 PATENT

29.    Plaintiffs re-allege each of the foregoing paragraphs as if fully set forth herein.

30.    The USPTO duly and properly issued the '987 Patent on April 10, 2018. The '987 Patent was duly assigned to Solar Sailor, which is the assignee of all right, title, and interest in and to the '987 Patent. Each and every claim of the '987 Patent is valid and enforceable.

31.    Plaintiffs have satisfied the requirements of 35 U.S.C. § 287(a) with respect to the '987 Patent by providing notice of its infringement to Ocean Aero through the filing of this Complaint.

32.    As set forth above, and in violation of 35 U.S.C. § 271, Ocean Aero has directly infringed the '987 Patent by, among other things, making, using, offering for sale, selling, and/or importing the TRITON Next Gen in a manner that infringes, either literally or under the doctrine of equivalents, at least claim 1 of the '987 Patent. *See* Exhibit D.

33.    As set forth above, and in violation of 35 U.S.C. § 271, Ocean Aero has indirectly infringed the '987 Patent by contributing to the infringement of and/or actively inducing the infringement of the '987 Patent by others by, among other things, distributing or marketing the TRITON Next Gen to teach third parties to use the TRITON Next Gen in a manner that directly infringes the '987 Patent. On information and belief, there are no non-infringing uses of the TRITON Next Gen.

7

34.     Ocean Aero has engaged in infringing behavior with knowledge of the '987 Patent which has been duly issued by the USPTO and is presumed valid.  On information and belief, Ocean Aero has known that its actions constituted and continue to constitute infringement of the valid '987 Patent at least as of the date the TRITON Next Gen launched.  Despite having notice of the '987 Patent, Ocean Aero has continued its infringing activities.  As such, Ocean Aero willfully infringes the '987 Patent.

35.     By its actions, Ocean Aero has caused injury and is liable for infringement of the '987 Patent pursuant to 35 U.S.C. § 271.

36.     The acts of infringement set forth above will cause Plaintiffs irreparable harm for which Plaintiffs have no adequate remedy at law.  Unless such infringing acts are enjoined by this Court, Plaintiffs will continue to suffer additional irreparable injury.

37.     By its actions, Ocean Aero's infringement of the '987 Patent has caused damage, and continues to cause damage, in an amount to be determined at trial.

### COUNT II: INFRINGEMENT OF THE '371 PATENT

38.     Plaintiffs re-allege each of the foregoing paragraphs as if fully set forth herein.

39.     The USPTO duly and properly issued the '371 Patent on December 10, 2019.  The '371 Patent was duly assigned to Solar Sailor, which is the assignee of all right, title, and interest in and to the '371 Patent.  The '371 Patent is valid and enforceable.

40.     Plaintiffs have satisfied the requirements of 35 U.S.C. § 287(a) with respect to the '371 Patent by providing notice of its infringement to Ocean Aero through the filing of this Complaint.

41.     As set forth above, and in violation of 35 U.S.C. § 271, Ocean Aero has directly infringed the '371 Patent by, among other things, making, using, offering for sale, selling, and/or

importing the TRITON Next Gen in a manner that, literally or under the doctrine of equivalents, infringes the claim of the '371 Patent. *See* Exhibit E.

42.    As set forth above, and in violation of 35 U.S.C. § 271, Ocean Aero has indirectly infringed the '371 Patent by contributing to the infringement of and/or actively inducing the infringement of the '371 Patent by others by, among other things, distributing or marketing the TRITON Next Gen to teach third parties to use the TRITON Next Gen in a manner that directly infringes the '371 Patent.  On information and belief, there are no non-infringing uses of the TRITON Next Gen.

43.    Ocean Aero has engaged in infringing behavior with knowledge of the '371 Patent which has been duly issued by the USPTO and is presumed valid.  On information and belief, Ocean Aero has known that its actions constituted and continue to constitute infringement of the valid '371 Patent at least as of the date the TRITON Next Gen launched.  Despite having notice of the '371 Patent, Ocean Aero has continued its infringing activities.  As such, Ocean Aero willfully infringes the '371 Patent.

44.    By its actions, Ocean Aero has caused injury and is liable for infringement of the '371 Patent pursuant to 35 U.S.C. § 271.

45.    The acts of infringement set forth above will cause Plaintiffs irreparable harm for which Plaintiffs have no adequate remedy at law.  Unless such infringing acts are enjoined by this Court, Plaintiffs will continue to suffer additional irreparable injury.

46.    By its actions, Ocean Aero's infringement of the '371 Patent has caused damage, and continues to cause damage, in an amount to be determined at trial.

### COUNT III: INFRINGEMENT OF THE '048 PATENT

47.    Plaintiffs re-allege each of the foregoing paragraphs as if fully set forth herein.

48.    The USPTO duly and properly issued the '048 Patent on January 7, 2020.  The '048 Patent was duly assigned to Solar Sailor, which is the assignee of all right, title, and interest in and to the '048 Patent.  Each and every claim of the '048 Patent is valid and enforceable.

49.    Plaintiffs have satisfied the requirements of 35 U.S.C. § 287(a) with respect to the '048 Patent by providing notice of its infringement to Ocean Aero through the filing of this Complaint.

50.    As set forth above, and in violation of 35 U.S.C. § 271, Ocean Aero has directly infringed the '048 Patent by, among other things, making, using, offering for sale, selling, and/or importing the TRITON Next Gen in a manner that infringes, either literally or under the doctrine of equivalents, at least claim 1 of the '048 Patent.  *See* Exhibit F.

51.    As set forth above, and in violation of 35 U.S.C. § 271, Ocean Aero has indirectly infringed the '048 Patent by contributing to the infringement of and/or actively inducing the infringement of the '048 Patent by others by, among other things, distributing or marketing the TRITON Next Gen to teach third parties to use the TRITON Next Gen in a manner that directly infringes the '048 Patent. On information and belief, there are no non-infringing uses of the TRITON Next Gen.

52.    Ocean Aero has engaged in infringing behavior with knowledge of the '048 Patent which has been duly issued by the USPTO and is presumed valid.  On information and belief, Ocean Aero has known that its actions constituted and continue to constitute infringement of the valid '048 Patent at least as of the date the TRITON Next Gen launched.  Despite having notice of the '048 Patent, Ocean Aero has continued its infringing activities.  As such, Ocean Aero willfully infringes the '048 Patent.

53.     By its actions, Ocean Aero has caused injury and is liable for infringement of the '048 Patent pursuant to 35 U.S.C. § 271.

54.     The acts of infringement set forth above will cause Plaintiffs irreparable harm for which Plaintiffs have no adequate remedy at law.  Unless such infringing acts are enjoined by this Court, Plaintiffs will continue to suffer additional irreparable injury.

55.     By its actions, Ocean Aero's infringement of the '048 Patent has caused damage, and continues to cause damage, in an amount to be determined at trial.

## JURY TRIAL DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs hereby demand a trial by jury of all issues that are or may become triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

A.     declaring that Ocean Aero has infringed United States Patents Nos. 9,937,987, D869,371, and 10,526,048;

B.     permanently enjoining Ocean Aero and its officers, agents, employees, representatives, successors, and assigns, and any others acting in concert with them, from infringing United States Patents Nos. 9,937,987, D869,371, and 10,526,048;

C.     declaring that Ocean Aero's infringement of the Asserted Patents has been willful;

D.     awarding Plaintiffs damages resulting from Ocean Aero's infringement adequate to compensate for that infringement;

E.     awarding Plaintiffs treble damages as a result of Ocean Aero's willful infringement;

F.     declaring that this be an exceptional case within the meaning of 35 U.S.C. § 285;

G.     awarding Plaintiffs their costs in this action, together with reasonable attorney's fees and pre-judgment and post-judgment interest; and

11

H.      granting Plaintiffs such other relief, including other monetary and equitable relief, as this Court deems just and proper.

Dated:  April 14, 2026

**FISH & RICHARDSON P.C.**

*/s/ Grayson P. Sundermeir*
Kelly Allenspach Del Dotto (# 5969)
Grayson P. Sundermeir (#6517)
Ravi M. Gandhi (#7587)
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801
(302) 652-5070
kad@fr.com; sundermeir@fr.com;
rgandhi@fr.com

John S. Goetz
FISH & RICHARDSON P.C.
7 Times Square, 20th Floor
New York, NY 10036
(212) 641-2277
goetz@fr.com

Joshua P. Carrigan
FISH & RICHARDSON P.C.
1000 Main Ave. SW, Suite 1000
Washington, DC 20024
(202) 626-6444
carrigan@fr.com

*Attorneys for Plaintiffs Ocius Technology*
*Ltd, Solar Sailor Pty, and Solar Sailor*
*Engineering and Distribution Pty Ltd*

12